# Equitable Mutual Fire Insurance Company, Defendant in Error, v. A. L. McCrae, Plaintiff in Error.

## Gen. No. 15.073.

1. EVIDENCE—*effect of admissions against interest.* Admissions against interest form the strongest character of proof.

2. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

3. CORPORATIONS—*when foreign insurance company not doing business in this state contrary to statute.* If a foreign insurance company unauthorized to do business in this state issues policies through a licensed broker acting pursuant to the statute authorizing the obtaining by such a broker of policies issued by foreign insurance companies unauthorized to do business in this State, such foreign insur-

ance company is not doing business in this State contrary to the statute.

4. AGENCY—*what does not absolve agent from obligation to account for moneys received for the account of his principal.* The breach of a contract with an agent consisting in failing to place to his credit a deposit of money for certain purposes, does not absolve such agent from the obligation of accounting for and paying over to the principal guilty of such breach money collected for its account.

Assumpsit. Error to Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard· in this court at the October term, 1908. Affirmed. Opinion filed June 30, 1910.

OSSIAN CAMERON, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago for $2688.45 rendered in a case of the "first class" upon the verdict of a jury, after the overruling of motions for a new trial and in arrest of judgment. The relation of the parties to each other was that of principal and agent, and· the monies sought to be recovered were such as defendant had received as agent for the plaintiff, his principal.

Plaintiff is a corporation chartered by the Province of Quebec in the Dominion of Canada to do a fire insurance business and maintains its principal office in Montreal. It was not licensed to do business in Illinois under the statutes of this State relating to the licensing of foreign corporations to do business in this State. Defendant was, on his own request, made the agent of plaintiff to represent it in this State, with authority to issue insurance policies covering losses by fire. An Act of the State legislature in force July 1, 1903, and now forming a part of chapter 73, Revised Statutes, title "Insurance", provides for the licensing of brokers to write fire insurance policies in fire insurance com-

panies not authorized to do business under the laws of this State. Two per cent. of gross premiums are by the terms of the Act made payable by such unauthorized companies to the Insurance Superintendent of the State, and is in the nature of a tax to the State for the privilege of writing what is denominated "surplus line insurance". Defendant was licensed under this Act as a broker or agent to procure fire insurance in such unauthorized companies and as such broker or agent represented plaintiff and wrote for it policies of fire insurance and received for it premiums on such policies from the insured. The amount of the judgment represents premiums received by defendant for such insurance premiums less his lawful commissions and charges. The declaration is embraced within the common counts. To this declaration defendant interposed, 1st, a plea of the general issue; 2nd, that plaintiff had failed to comply with the foreign incorporation statute and was therefore not entitled to maintain any action in the courts of this State; 3rd, that plaintiff had failed to comply with that part of its contract which provided for the deposit of $4,000 to the credit of defendant in a Chicago bank; 4th, that all premiums collected for plaintiff had been paid to it by defendant, and that it was indebted to him in the sum of $206; 5th, a claim for $5,000 damages for plaintiff's alleged breach of its contract with defendant. Issues were duly joined on the pleas. No contention of any material moment is made on the pleadings, but defendant predicates his right to a reversal of the judgment on the refusal of the trial court to hold that the plea of failure to comply with the statute regulating the doing of business in this State by foreign corporations was a sufficient defense, and in holding that the Act of July 1, 1903, exonerated such unauthorized companies from further compliance with the insurance laws of the State; that the court should have directed a verdict at the close of plaintiff's proofs and awarded a new trial; that the trial judge erred in his rulings upon the evidence and in instructing the jury upon the law of the case.

Plaintiff had made out a *prima facie* case when it rested

and the motion to direct a verdict was therefore properly denied. Lacking countervailing proof, the evidence justified a verdict for the amount recovered. In this condition of the record, the trial judge had no lawful right to interpose his judgment as to what the evidence tended to prove, but rightfully left the determination of the facts to be extracted from such evidence to the jury whose province it was to weigh the testimony and therefrom say what, in their judgment, it proved. The amount of premiums collected by defendant, together with disbursements made on account of plaintiff, including defendant's commissions, being founded upon the reports and statements furnished by defendant to plaintiff, being in the nature of admissions against interest, formed the strongest character of proof, and after their receipt in evidence defendant had cast upon him the burden of rebutting the same by evidence sufficient to overcome its probative force, in order to entitle him to a verdict in his favor. This he clearly failed to do. If any premiums appearing in defendant's reports or statements had been returned or policies accounted for canceled, and any other item of credit claimed by defendant, it was incumbent upon him to bring forward evidence of such facts of a satisfactory and convincing character. These matters, including the counter claim of defendant and damages for an alleged breach of contract, were all for the determination of the jury, and as we can readily reconcile the verdict as being sustained by the proofs, and are unable to say that such verdict is manifestly against the weight of the evidence, we are not permitted to disturb it.

We think it clear that chapter 73, Revised Statutes, in so far as it may seem to be in conflict with the Act of July 1, 1903, *supra,* in relation to non-resident fire insurance corporations, is inapplicable to this case, as likewise are sections 67g and 67h of chapter 32, Revised Statute, title "Corporations." Were it otherwise the contentions of defendant must control our decision. The plain language of the Act of 1905 *supra* inhibits our holding otherwise than that so far as companies whose policies the Act authorizes may be

issued by the agent or broker licensed by the State, they are exempt from the provisions of the other statutory regulations affecting non-resident insurance companies. The title of the Act makes that clear. It relates to "unauthorized companies", which by a fair interpretation of this unambiguous language means companies which but for the Act would be unable to issue their policies within the limits of this State. It was evidently made to meet a condition of embarrassment to some citizens who might otherwise be unable to procure from other companies a needed amount of insurance; so that such insurance has been colloquially referred to as "surplus line insurance"; that is, insurance in excess of the line obtainable from companies authorized to do business in this State. Such companies become additional underwriters of fire insurance and supplemental to those companies regularly doing business in this State under the general statutes governing and controlling fire insurance companies. The language of the Act is in part "that the Superintendent of Insurance in consideration of the yearly payments of two hundred dollars  *  *  may issue to citizens of this State a license, revokable at any time, permitting the party named in such license to act as agents to procure policies of fire insurance from corporations  *  *  which are not authorized to do business in this State". Before issuing any policy of "unauthorized companies" the licensed agent must make an affidavit and file it with the Superintendent of Insurance setting forth that "the licensed agent is, after diligent effort, unable to procure the amount of insurance required to protect the property described in said affidavit from the insurance companies duly authorized and licensed to do business in this State". We therefore hold, as matter of law, that plaintiff, a non-resident insurance company, in issuing its policies through defendant, licensed by the State as agent to transact that kind of business, was not doing business in this State contrary to the statutes.

The defendant challenges certain matters, which he caused to be brought about, as illegal. While not conceding any illegality in fact was indulged, still, as the agent perpetrating

the wrong, if any there was, he cannot, under elementary principles, advantage one iota of his own wrong. But there is nothing in this record indicating any irregularity on the part of plantiff or chargeable to it. It was a company "unauthorized" to do business in this state save in virtue of the 1903 Act *supra*. It did its business and wrote all its policies through defendant, who was licensed by the State for just such a purpose. No one was misled as to the inability of plaintiff to write insurance in the regular way. This was made apparent on the face of every policy issued, the following clause being endorsed on each: "This policy has been procured in accord with the provision of an Act of the General Assembly of the State of Illinois regulating the manner of obtaining insurance in companies not reporting to the insurance department", and they were each signed by defendant in the following manner: "By A. L. McCrae acting under special license, 153 LaSalle Street, Chicago".

Defendant contends that plaintiff agreed to deposit $4,000 in a Chicago bank to the credit of defendant as agent, to be used by him in paying claims under its policies issued by defendant, although this is denied by plaintiff. But be this contention well taken or not, that does not relieve defendants from accounting with and paying to plaintiff moneys received for premiums, less his lawful charges and commissions. It is not claimed that plaintiff is not financially responsible for all liabilities under its policies written by defendant, or that defendant is personally liable on any policies written by him for plaintiff's account. Consequently the failure of plaintiff to perform that part of its contract, if it in fact so bound itself, would be no defense to this action nor operate to put into defendant's pocket money collected by him on plaintiff's policies, and therefore both morally and legally due to plaintiff. Nor do we see any merit in the contention that premiums paid plaintiff were a trust fund for the benefit of policy holders. The liability of plaintiff is to be measured by the terms of each policy, and to that extent only is its liability fixed. The premiums paid were the considerations supporting the liability so assumed. Such

liability might be more or less than the premiums paid.   In the event of a fire loss it stands to reason that such liability would far exceed the sums paid as premiums.   The trial judge's ruling on the question relating to where plaintiff was licensed to do business, was without error, as not pertinent to or affecting defendant's liability to plaintiff for premiums collected for it.   The evidence also failed to establish any right of defendant to a set-off or for the assessment of damages for an alleged breach by plaintiff of its contract with defendant.   In denying defendant's motion, at the close of plaintiff's case, to instruct a verdict in his favor, the trial judge made the following observations: "This is an action between principal and agent.   This is not an action by a company on a policy against the assured.   This is an action between principal and agent and the agent makes the case for the principal by admitting that he issued these policies under the statute and there is a presumption that the agent complied with the statute when he admits that the policies were issued under the statute.   All the presumption is in favor of the validity of his own acts."   We think this was a practically correct statement supporting the ruling of the court and was without error.

Defendant objects to the following portion of the trial judge's instruction to the jury: "Before touching on the main question, as far as the law of the case is concerned, the court would say that the statute of the State of Illinois requiring insurance companies to be authorized to do business in this State, the general statute does not apply to the plaintiff in this case, as the business was done under the so-called surplus line law, which does not require a license of the company, and that the plaintiff is, on that score, not prohibited from maintaining this action."   We accord our concurrence to the foregoing as embodying a substantially correct statement of the law on this point.

The record is free from reversible error, and the judgment of the Municipal Court is affirmed.

*Affirmed.*